[No. 7773.]

BIDDLE v. NEWMAN.

1. SURVEYS—*Monuments.* When the place at which the surveyor subdividing the public lands for the government placed a stone to mark a section corner can be ascertained, that point is the corner. (244)

2. EVIDENCE—*Opinions.* The opinion of a single witness, not supported by any reason, that a particular stone found by him, many years before· controversy arose, was a section corner, rejected. (245)

*Error to Morgan District Court.*—Hon. H. P. BURKE, Judge.

Mr. JAMES E. JEWELL, for plaintiff in error.

Messrs. STEPHENSON & STEPHENSON, for defendant in error.

CHIEF JUSTICE MUSSER delivered the opinion of the court:

This writ of error brings up for review, a judgment of the district court establishing the corner common to sections five and six, township three, north, and sections thirty-one and thirty-two, township four, north, range fifty-eight, west, in Morgan County. The action was prosecuted under the provisions of Chapter XXIV Code 1908. A commissioner was appointed who took testimony, examined the ground, made a survey and reported to the district court. Exceptions to the report were filed, heard and overruled. The report was approved and the corner as therein located was established by the decree. The case presented to this court in the briefs involves only the evidence and what was proved thereby. The plaintiff in error contends, with which contention the defendant in error and the district court agree, that where the government surveyor placed a stone or other monument to mark a corner, and the point where it was placed can be located, that point is the corner. The plaintiff in error seems to contend that her evidence shows conclusively, or by a preponderance, that the government surveyor placed a stone as called for in the field notes to mark the disputed corner at the point where she alleged the corner was. If this were so, the corner ought to have been established at that point. The commissioner and the court, however, took a different view of the evidence from that taken by the plaintiff in error. After reading and carefully considering all the evidence, which it would be unprofitable to analyze at length in an opinion, we are impressed that the district court was correct in the findings it made.

There was some evidence that a corner stone had been found at the point which the plaintiff in error claimed was the corner. It appears to us that, aside from the testimony of one witness that was too vague and indefinite to be considered, the one time existence of a corner stone at that point was indicated by an opinion of one witness who had made a survey many years before on the township line. This opinion, which was no doubt an honest one, was really unfortified by any good reason. The testimony did not identify the stone as a corner monument by any of the indicia that go to identify such a monument. The other witnesses based their conclusions on this opinion.

When all the evidence is considered direct, circumstantial and inferential, it leaves a distinct impression upon the mind that the stone was not a corner monument. The district court found that it was not, by finding that from the evidence the corner was a lost corner, as the court termed it. The rule, that courses and distances must yield to monuments when identified, was not violated by the court, as contended. The court held that the corner stone called for in the field notes was lost, and in the absence of such monument, proceeded to establish the corner from the best evidence at hand. No sufficient reason appears for disturbing the conclusion reached. The judgment is affirmed.

*Judgment affirmed.*

Mr. JUSTICE GARRIGUES and Mr. JUSTICE SCOTT concur.